IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | | |
|---|---|---|
| SHALON E. DITTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:17-CV-00056-JO |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.,

Plaintiff Shalon Dittler appeals the Commissioner's decision denying her application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

**PRIOR PROCEEDINGS**

Dittler filed a previous claim alleging disability due to migraines, asthma, and depression. Admin. R. 234. In a decision dated January 22, 2013, the Commissioner determined that Dittler was not disabled at any time up to and including that date. Admin. R. 96. In her present claim, Dittler alleges she became disabled on January 23, 2013, the day after the previous determination that she was not disabled. Admin. R. 16, 35. She alleges disability due to an increase in the severity of the

-1-    OPINION AND ORDER

impairments alleged in her previous claim. Admin. R. 16-17, 234. Dittler's insured status under the Social Security Act expired on December 31, 2016. Admin. R. 16. She must establish that she became disabled on or before that date to prevail on her claim. 42 U.S.C. § 423(a)(1)(A). *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998). Accordingly, the relevant period for the claim now on appeal runs from January 22, 2013 through December 31, 2016.

The ALJ applied the five-step disability determination process described in 20 C.F.R. § 404.1520. *See Bowen v. Yuckert,* 482 U.S. 137, 140 (1987). Admin. R. 19-25. The ALJ found that, during the relevant period, Dittler's ability to perform basic work activities was limited by asthma, migraines, depression, and PTSD. Admin. R. 19. She found that, despite these impairments, Dittler retained the residual functional capacity ("RFC") to perform work requiring light exertion with limited postural activities such as crouching, stooping, climbing and so forth, limited exposure to respiratory irritants, and no exposure to extreme cold, loud noise, or workplace hazards. The ALJ found Dittler retained the capacity to perform tasks and work with instructions consistent with unskilled and entry level semiskilled jobs. Admin. R. 20.

The vocational expert ("VE") testified that a person with Dittler's vocational factors and RFC could perform the activities required for a number of light, entry level occupations, such as sales clerk, gate guard, and merchandise marker, which together represent over one million jobs in the national economy. Admin. R. 24-25, 71-72. The ALJ concluded that Dittler had not shown she was disabled within the meaning of the Social Security Act during the period that is relevant for her claim. Admin. R. 25.

\\\

\\\

-2-    OPINION AND ORDER

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence need not be a preponderance; it is such relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). The Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record, even if another rational interpretation is also supported. *Batson*, 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## ASSIGNMENTS OF ERROR

The plaintiff bears the burden of showing that the ALJ erred and that any error was harmful. *McLeod v. Astrue*, 640 F.3d 881, 886-87 (9th Cir. 2011). Dittler contends the ALJ erroneously discounted the opinion of her treating physician, Daniel Constien, M.D., and failed to give proper weight to a rating decision by the Department of Veterans Affairs ("VA").

## DISCUSSION

For further background, the record reflects that Dittler began to experience migraines in about 2006 and that her symptoms have been consistent since 2007. Admin. R. 86-87, 310. Dr. Constien has been Dittler's family physician since 2007 and has treated her for migraines with medications, including Maxalt, Reglan, Motrin, and Vicodin. Admin. R. 21, 86-87, 1163, 1166.

The previous ALJ found no record of urgent care treatment for migraine symptoms and no provider had observed Dittler while she experienced migraine symptoms; the evidence supporting a migraine condition during the previous claim consisted primarily of Dittler's subjective statements.

Admin. R. 87. The previous ALJ found that Dittler's migraines were not disabling at any time up to the date of the previous decision, January 22, 2013. Admin. R. 86-87, 96. That decision created a presumption of continuing nondisability which Dittler must overcome by demonstrating a material change in circumstances after that decision. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).

Dittler has not shown a material change in her migraine symptoms. As in the previous claim, no provider has observed her experiencing a migraine and she has not required urgent care for migraine symptoms since the previous decision. She has not reported an increase in the severity or frequency of her migraine symptoms since the previous decision. Admin. R. 21, 398-399, 436, 470, 483. Indeed, in July 2016, Dittler stated that her migraines had "been pretty consistent since 2007." Admin. R. 310.

On this ground alone, Dittler has failed to establish the material change in conditions necessary for her to prevail on the present claim. *Chavez*, 844 F.3d at 693. Nevertheless, the court has considered her assignments of error.

I. **Dr. Constien's Opinion**

After the previous decision, Dr. Constien saw Dittler for a migraine follow up in March 2013. Dittler reported that she continued to have headaches at the same frequency as before, two to three times a month. Admin. R. 483. Dittler saw Dr. Constien for routine care and pregnancy related matters, but did not have another migraine follow up until February 2015, when she reported essentially the same symptoms. Admin. R. 398-399. That was the extent of Dr. Constien's treatment history regarding Dittler's migraines during the relevant period of time.

On March 6, 2015, Dr. Constien wrote a letter, at Dittler's request, indicating that she experienced "migraines 2-3 times per month which are disabling for 2-3 days." Admin. R. 384, 399.

-4-    OPINION AND ORDER

On July 5, 2016, Dr. Constien completed a worksheet prepared by Dittler's representative indicating that Dittler experienced headaches lasting two to three days and occurring two or three times a month. He indicated her symptoms would interfere with attention and concentration, leave her unable to perform simple tasks 20% of a work week, and cause her to miss 16 hours or more per month from a hypothetical simple, routine, sedentary job. Admin. R. 1163-1167. The ALJ gave Dr. Constien's opinion little weight in assessing Dittler's RFC. Admin. R. 23.

An ALJ may discount a treating physician's opinion that is inconsistent with the opinion of another physician, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If the opinion is not contradicted by another physician, the ALJ may reject it but must provide a clear and convincing explanation. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002). Here, Dr. Constien's opinion is contradicted by the opinions of state agency reviewing medical experts. Admin. R. 23, 115-118, 129-133. In any event, the ALJ provided an adequate explanation for the weight she attributed to Dr. Constien's opinion under either standard.

The ALJ pointed out that there is no evidence in the record to support any worsening of Dittler's migraines since the date of the last decision, when she was found to be not disabled. As noted previously, neither the medical evidence nor Dittler's subjective complaints have suggested an increase in the severity or frequency of her symptoms. Admin. R. 21. The ALJ correctly noted that Dr. Constien had seen Dittler only once in the year preceding the decision on this claim. Admin. R. 23. In fact, Dr. Constien saw Dittler for migraine follow ups only twice during the nearly four year period following the previous decision, and Dittler has never been seen while experiencing a

migraine. Admin. R. 23, 398-399, 482-483. Such infrequent treatment reasonably supports the inference that Dittler did not experience worsening symptoms during the relevant period. It also supports the inference that Dr. Constien's opinion was premised on Dittler's subjective description of her symptoms and not on first hand clinical observations or objective findings. Admin. R. 23. An ALJ need not accept the opinion of a physician that is not supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d at 1216.

In addition, an ALJ may discount a treating physician's opinion that is premised primarily on subjective complaints that the ALJ properly finds unreliable. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Here, the ALJ found Dittler's subjective statements that she suffered frequent debilitating migraines not fully credible. Admin. R. 22. The ALJ noted the absence of medical findings or contemporaneous complaints to medical providers, Dittler's reported activities as the primary care giver for two young children without significant assistance, and stark inconsistencies between her headache journal entries indicating severe migraine symptoms on the very days that she had medical appointments during which she was entirely asymptomatic. Admin. R. 22. These findings are supported by substantial evidence in the record and are unchallenged on appeal. They provide an adequate basis for the ALJ's determination that Dittler's subjective complaints were not fully credible and that Dr. Constien's opinion, which was premised on her subjective complaints, was entitled to little weight in her decision.

## II. VA Rating Decision

Dittler contends the ALJ gave insufficient weight to a rating decision by the VA. Dittler applied for disability benefits from the VA. In June 2011, after a review of records and a physical

examination, Carolyn Hughes, M.D. opined that the only specific impairment attributable to Dittler's migraines would be potential absences from work. Admin. R. 356. In November 2014, Ishik Tuna, M.D., completed a VA Disability Benefits Questionnaire indicating that Dittler had a migraine diagnosis from a private provider in 2007, that she currently reported having "prostrating attacks" once per month, and that "[Dittler] states migraines are incapacitating." Admin. R. 356-359. On April 2, 2015, the VA issued a rating decision finding that Dittler's migraines were "50% disabling." Admin. R. 228. The ALJ gave the VA rating decision little weight in her assessment of Dittler's RFC. Admin. R. 23.

While an ALJ must consider findings by the VA, she is not bound by another agency's determination on the ultimate question of disability. *McCartey v. Massinari*, 298 F.3d 1072, 1076 (9th Cir. 2002), 20 C.F.R. § 404.1504. The ALJ provided a reasonable explanation based on substantial evidence for discounting the VA rating decision.

The VA rating decision is subject to the same weaknesses as Dr. Constien's opinion. Namely, there is no evidence of a change in the frequency, severity, or limiting effects of Dittler's migraines since the previous ALJ decision and, like Dr. Constien, the VA apparently relied exclusively on Dittler's discredited subjective statements about the debilitating effects of her migraines. Admin. R. 21-23. In addition, the VA rating decision did not identify specific functional limitations or specific vocational activities Dittler would be unable to perform or vocational findings regarding the existence of jobs compatible with such functional limitations. Admin. R. 23. Accordingly, the VA decision did not include findings that would be useful in determining whether Dittler was disabled within the meaning of the Social Security Act. The ALJ reasonably concluded the VA findings would not be helpful in assessing Dittler's RFC or determining disability.

## CONCLUSION

Based on the foregoing, Dittler has failed to show that the Commissioner's decision was based on harmful error. Accordingly, the Commissioner's final decision is AFFIRMED.

DATED this 29th day of January, 2018.

Robert E. Jones, Senior Judge
United States District Court